UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHENZHEN CHITADO TECHNOLOGY CO.,
LTD,

                                         Plaintiff,           22-cv-00191-PAC

                         -against-

G11 FLASH BLUE, GY-T581-K1, GY-G11-
BLACK, GY-G11-BLUE, GY-T581-BLUE,
T580-BLACK, T580-PINK, G5-BLUE, G5-
BLACK, G2-RED, G2-BLUE, G2-BLACK,

                                        Defendants.
-----------------------------------------------------------------X

## PRELIMINARY INJUNCTION ORDER

**THIS MATTER** comes before the Court on Plaintiff Shenzhen Chitado Technology Co., Ltd's ("Plaintiff") application, brought by way of Order to Show Cause, for entry of a Preliminary Injunction (the "Application") against the 12 Defendants ("Defendants") and using at least the domain names identified in Exhibit A (the "Online Marketplace Accounts"); and

**THE COURT** having reviewed the papers in support of the Application; and the Court having found that Plaintiff meets the criteria for entry of preliminary injunctive relief; and

**THE COURT** having determined that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District including, without limitation, by reaching out to do business with New York residents by operating interactive Internet Stores through which New York residents can purchase products bearing

1

counterfeit versions of the GYROOR products incorporating the GYROOR trademarks, U.S. Trademark Registration No. 5,121,077 ("GYROOR Trademark"); and

**THE COURT** having determined that the evidence submitted in support of the Application establishes Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted including, for example:

1. Through the Declarations of Jason Zhang and Ruoting Men, and accompanying evidence, Plaintiff has proved a prima facie case of trademark infringement because (1) the GYROOR Trademark is a distinctive mark and registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the GYROOR Trademark, and (3) Defendants' use of the GYROOR Trademark causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff; and

2. Defendants' continued and unauthorized use of the GYROOR Trademark irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales; and

3. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law; and

4. The public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions; and

**THIS COURT** having determined, therefore, that injunctive relief previously granted in the Temporary Restraining Order ("TRO") on March 3, 2022 [Dkt No 14] should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65;

**NOW THEREFORE**, on this \_\_18\_\_ day of March, 2022, this Court **ORDERS** that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them are preliminarily enjoined and restrained from:

    a. Using the GYROOR Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine GYROOR product or is not authorized by Plaintiff to be sold in connection with the GYROOR Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine GYROOR product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the GYROOR Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit GYROOR products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the GYROOR Trademark and damaging Plaintiff's goodwill;

    e. otherwise competing unfairly with Plaintiff in any manner;

    f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or

3

offered for sale, and which bear any Plaintiff's GYROOR Trademark or any reproductions, counterfeit copies, or colorable imitations thereof;

      g.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or Online Marketplace Account that is being used to sell or is the means by which Defendants could continue to sell counterfeit GYROOR products; and

      h.    operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing either or both of the GYROOR Trademark or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine GYROOR product or not authorized by Plaintiff to be sold in connection with the GYROOR Trademark.

    2.    Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3.      Any banks, savings and loan associations, payment processors or other financial institutions, including but not limited to Payoneer Inc ("Payoneer"), Paypal for any Defendant or any of Defendants' Online Marketplace Accounts, shall within two (2) business days of receipt of this Order:

    a    Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts, including, but not limited to, any accounts connected to the information listed in Exhibit A hereto;

    b.    Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

4.      Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, the following expedited discovery is ordered: Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, including, without limitation, any online marketplace platforms such as Newegg, Facebook, internet service providers, web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including Paypal and Payoneer, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a    The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

    c. Defendants' websites and/or any Online Marketplace Accounts;

    d. The Defendant Domain Names or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation,, Paypal, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

  5. Plaintiff may provide notice of these proceedings to Defendants, including notice of the status hearing and service of process pursuant to, alternatively, Rules 4(e)(1) or 4(f)(3) of the Federal Rules of Civil Procedure,[1] by sending an e-mail to any e-mail addresses provided for

---

[1] Plaintiff represents that it has "good cause" to believe Defendants are located in China. To the extent Defendants are indeed located abroad, the Court finds that the means of service ordered herein (1) are not prohibited by international agreement, and (2) comport with constitutional notions of due process, and are therefore within the Court's discretion to authorize pursuant to Rule 4(f)(3). *See Fed. Trade Comm'n v. PCCare247 Inc.*, No. 12-cv-7189 (PAE), 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013).

However, to the extent any are located in the United States, Rule 4(e)(1) permits service as

Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT A HERETO" that shall apply to all Defendants. Providing notice via e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

7. The five thousand dollars ($5,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Dated: New York, New York
March 18, 2022

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge

---

allowed under state law in the state where the Court is located. New York law, in turn, authorizes service "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." N.Y. C.P.L.R. § 308(5). Because, *inter alia*, Defendants have provided false names and physical address information in their domain registration, the Court finds that service by the various means of physical delivery contemplated by N.Y.C.P.L.R. § 308(1), (2), and (4) are impracticable. *See Cengage Learning, Inc. v. Doe 1*, No. 18-CV-403 (RJS), 2018 WL 2244461, at *4 (S.D.N.Y. Jan. 17, 2018).

# EXHIBIT A

| Seller Part # | NE Item # | Item Title |
| --- | --- | --- |
| G11 Flash blue | 9SIAYSCGMK8647 | https://www.newegg.com/p/03Z-04EA-00028?Item=9SIAYSCGMK8647&Tpk=9SIAYSCGMK8647 |
| GY-T581-K1 | 9SIAYSCFAV3433 | https://www.newegg.com/gyroor-t581-k1/p/03Z-04EA-00018?Item=9SIAYSCFAV3433&Tpk=9SIAYSCFAV3433 |
| GY-G11-black | 9SIAYSCFAV2669 | https://www.newegg.com/gyroor-g11-electric-scooters/p/03Z-04EA-00017?Item=9SIAYSCFAV2669&Tpk=9SIAYSCFAV2669 |
| GY-G11-blue | 9SIAYSCFAV2661 | https://www.newegg.com/gyroor-g11-electric-scooters/p/03Z-04EA-00016?Item=9SIAYSCFAV2661&Tpk=9SIAYSCFAV2661 |
| GY-T581-blue | 9SIAYSCFAV2515 | https://www.newegg.com/gyroor-t581-electric-scooters/p/03Z-04EA-00015?Item=9SIAYSCFAV2515&Tpk=9SIAYSCFAV2515 |
| T580-black | 9SIAYSCF2C1409 | https://www.newegg.com/gryoor-t580-electric-scooters/p/03Z-04EA-00010?Item=9SIAYSCF2C1409&Tpk=9SIAYSCF2C1409 |
| T580-pink | 9SIAYSCF2C1051 | https://www.newegg.com/gryoor-t580-electric-scooters/p/03Z-04EA-00009?Item=9SIAYSCF2C1051&Tpk=9SIAYSCF2C1051 |
| G5-Blue | 9SIAYSCFAS2934 | https://www.newegg.com/gyroor-g2-black-electric-scooters/p/03Z-04EA-00006?Item=9SIAYSCF278295&Tpk=9SIAYSCF278295 |
| G5-Black | 9SIAYSCFAS2929 | https://www.newegg.com/gyroor-g5-electric-scooters/p/03Z-04EA-00013?Item=9SIAYSCFAS2929&Tpk=9SIAYSCFAS2929 |
| G2-Red | 9SIAYSCF278295 | https://www.newegg.com/gyroor-g2-black-electric-scooters/p/03Z-04EA-00006?Item=9SIAYSCF278295&Tpk=9SIAYSCF278295 |
| G2-Blue | 9SIAYSCF278294 | https://www.newegg.com/gyroor-g2-black-electric-scooters/p/03Z-04EA-00005?Item=9SIAYSCF278294&Tpk=9SIAYSCF278294 |
| G2-Black | 9SIAYSCF278056 | https://www.newegg.com/gyroor-g2-black-electric-scooters/p/03Z-04EA-00004?Item=9SIAYSCF278056&Tpk=9SIAYSCF278056 |