UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHENZHEN CHITADO TECHNOLOGY CO.,
LTD,

                                         Plaintiff,                22-cv-00191-PAC

                            -against-

G11 FLASH BLUE, GY-T581-K1, GY-G11-
BLACK, GY-G11-BLUE, GY-T581-BLUE,
T580-BLACK, T580-PINK, G5-BLUE, G5-
BLACK, G2-RED, G2-BLUE, G2-BLACK,

                                         Defendants.
-----------------------------------------------------------------X

## [PROPOSED] DEFAULT JUDGMENT

THIS CASE having been commenced by Plaintiff Shenzhen Chitado Technology Co., Ltd against the Defendants identified on the Exhibit A (collectively, the "Defaulting Defendants") and Plaintiff having moved for entry of Default and Default Judgment against the Defaulting Defendants;

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or email, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any

way, and the time for answering the Complaint having expired;

THIS COURT FURTHER FINDS that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defaulting Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of products utilizing the GYROOR trademark, U.S. Trademark Registration No. 5,121,077); and

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and/or violation of unfair competition under New York common law.

IT IS HEREBY ORDERED that Plaintiff's Order to Show Cause Why Default Judgment and Permanent Injunction Should Not Be Entered is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Default Judgment is entered against Defaulting Defendants.

Accordingly, this Court ORDERS that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   (1) using Plaintiff's GYROOR trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine GYROOR product or not authorized by Plaintiff to be sold in connection with Plaintiff's

GYROOR trademark;

(2) passing off, inducing, or enabling others to sell or pass off any product as a genuine GYROOR product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's GYROOR trademark;

(3) committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(4) further infringing Plaintiff's GYROOR trademark and damaging Plaintiff's goodwill;

(5) otherwise competing unfairly with Plaintiff in any manner;

(6) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's GYROOR trademark or any reproductions, counterfeit copies, or colorable imitations thereof;

(7) using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit GYROOR products; and

(8) operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's GYROOR trademark or any reproductions, counterfeit copies, or colorable

3

imitations thereof that is not a genuine GYROOR product or not authorized by Plaintiff to be sold in connection with Plaintiff's GYROOR trademark.

2. Those in privity with Defaulting Defendants and with actual notice of this Order, including online marketplaces such as Newegg, eBay, PayPal, Wish, DHgate, or Payoneer, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defaulting Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

(1) disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the GYROOR trademark, including any accounts associated with the Defaulting Defendants listed on the Exhibit A;

(2) disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the GYROOR trademark; and

(3) take all steps necessary to prevent links to the Defaulting Defendant Domain Names identified on the Exhibit A from displaying in search results, including, but not limited to, removing links to the Defaulting Defendant Domain Names from any search index.

3. Newegg.com and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Exhibit A from transferring or disposing of any money or other of Defaulting Defendants' assets.

4. PayPal, Inc. ("PayPal") and its related companies and affiliates shall, within two (2)

business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Exhibit A from transferring or disposing of any money or other of Defaulting Defendants' assets.

5. Payoneer, Inc. ("Payoneer") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Exhibit A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. Ping Pong Global Solutions, Inc. ("Ping Pong") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Exhibit A from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. LianLian Global t/as LL Pay U.S., LLC ("LianLian") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Exhibit A from transferring or disposing of any money or other of defaulting Defendants' assets.

8. Alibaba and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Exhibit A from transferring or disposing of any money or other of

Defaulting Defendants' assets.

9. Pursuant to 15 U.S.C. § 1117, Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000.00).

10. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Newegg, PayPal, Payoneer, Ping Pong, LianLian, and/or Alibaba are hereby released to Plaintiff as partial payment of the above-identified damages, and Newegg, PayPal, Payoneer, Ping Pong, LianLian, and/or Alibaba are ordered to release to Plaintiff the amounts from Defaulting Defendants' accounts within ten (10) business days of receipt of this Order.

11. Until Plaintiff has recovered full payment of monies owed by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Newegg, PayPal, Payoneer, Ping Pong, LianLian, and/or Alibaba in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Newegg, PayPal, Payoneer, Ping Pong, LianLian, and/or Alibaba shall within two (2) business days:

   (1) Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites, including, but not limited to, any accounts;

   (2) Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   (3) Release all monies restrained in Defaulting Defendants' accounts to Plaintiffs as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

12. Until Plaintiff has recovered full payment of monies owed by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan

associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

(1) Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites, including, but not limited to, any accounts;

(2) Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

(3) Release all monies restrained in Defaulting Defendants' accounts to Plaintiffs as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

13. In the event that Plaintiff identifies any additional online marketplace accounts, domain names, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by email at the email addresses identified by Plaintiff and any email addresses provided for Defaulting Defendants by third parties.

14. The five thousand-dollar ($5,000) bond posted by Plaintiff, including any interest minus the registry fee, will be released to Plaintiff or their counsel upon notice to the Court that all non-defaulting defendants have been dismissed from the case. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiff or its counsel once such notice of provided.

Dated: 10/5/2022
New York, New York

_____
HONORABLE PAUL A. CROTTY

# EXHIBIT A

| Seller Part # | NE Item # | Item Title |
| --- | --- | --- |
| G11 Flash blue | 9SIAYSCGMK8647 | https://www.newegg.com/p/03Z-04EA-00028?Item=9SIAYSCGMK8647&Tpk=9SIAYSCGMK8647 |
| GY-T581-K1 | 9SIAYSCFAV3433 | https://www.newegg.com/gyroor-t581-k1/p/03Z-04EA-00018?Item=9SIAYSCFAV3433&Tpk=9SIAYSCFAV3433 |
| GY-G11-black | 9SIAYSCFAV2669 | https://www.newegg.com/gyroor-g11-electric-scooters/p/03Z-04EA-00017?Item=9SIAYSCFAV2669&Tpk=9SIAYSCFAV2669 |
| GY-G11-blue | 9SIAYSCFAV2661 | https://www.newegg.com/gyroor-g11-electric-scooters/p/03Z-04EA-00016?Item=9SIAYSCFAV2661&Tpk=9SIAYSCFAV2661 |
| GY-T581-blue | 9SIAYSCFAV2515 | https://www.newegg.com/gyroor-t581-electric-scooters/p/03Z-04EA-00015?Item=9SIAYSCFAV2515&Tpk=9SIAYSCFAV2515 |
| T580-black | 9SIAYSCF2C1409 | https://www.newegg.com/gryoor-t580-electric-scooters/p/03Z-04EA-00010?Item=9SIAYSCF2C1409&Tpk=9SIAYSCF2C1409 |
| T580-pink | 9SIAYSCF2C1051 | https://www.newegg.com/gryoor-t580-electric-scooters/p/03Z-04EA-00009?Item=9SIAYSCF2C1051&Tpk=9SIAYSCF2C1051 |
| G5-Blue | 9SIAYSCFAS2934 | https://www.newegg.com/gyroor-g2-black-electric-scooters/p/03Z-04EA-00006?Item=9SIAYSCF278295&Tpk=9SIAYSCF278295 |
| G5-Black | 9SIAYSCFAS2929 | https://www.newegg.com/gyroor-g5-electric-scooters/p/03Z-04EA-00013?Item=9SIAYSCFAS2929&Tpk=9SIAYSCFAS2929 |
| G2-Red | 9SIAYSCF278295 | https://www.newegg.com/gyroor-g2-black-electric-scooters/p/03Z-04EA-00006?Item=9SIAYSCF278295&Tpk=9SIAYSCF278295 |
| G2-Blue | 9SIAYSCF278294 | https://www.newegg.com/gyroor-g2-black-electric-scooters/p/03Z-04EA-00005?Item=9SIAYSCF278294&Tpk=9SIAYSCF278294 |
| G2-Black | 9SIAYSCF278056 | https://www.newegg.com/gyroor-g2-black-electric-scooters/p/03Z-04EA-00004?Item=9SIAYSCF278056&Tpk=9SIAYSCF278056 |